**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Criminal Action No. 22-00353 (SRC)** |
|  | : |  |
|  | : | **OPINION & ORDER** |
| v. | : |  |
|  | : |  |
| YOUSSRY HAMDA, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Youssry Hamda ("Hamda"). For the reasons stated below, Hamda's motion will be denied.

On March 19, 2022, Hamda pled guilty to a two-count Information charging him with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846, and knowingly and intentionally possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  (Dkt. No. 20).  This Court sentenced Hamda to a term of one year and one day of imprisonment, followed by a three-year term of supervised release. (Dkt. No. 38). Hamda's term of supervised release commenced on or about July 5, 2024 and is set to expire on July 4, 2027.

Hamda filed the instant motion for early termination of his term of supervised release on February 19, 2026. (Dkt. No. 40, the "Motion"). Hamda argues that his lack of violations while in prison and while on supervised release, his having completed training for and received a Class A CDL from the NJ Department of Motor Vehicles which has allowed him to maintain gainful employment, and a recent job offer, all militate for termination of supervised release. The Government opposes Hamda's motion. (Dkt. No. 42, the "Opposition"). Hamda filed a brief in reply. (Dkt. No. 43, the "Reply"). The Probation Office does not oppose Hamda's motion.

In considering a motion for early termination of supervised release, the relevant statutory provision, 18 U.S.C. § 3583(e), states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering these factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. Though a showing of new or unforeseen circumstances is not strictly required, "[g]enerally, early termination of supervised release under § 3883(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the

burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Upon considering the factors stated in 18 U.S.C. § 3553(a), this Court concludes that early termination of supervised release is not warranted by Hamda's conduct and is not in the interest of justice. Hamda notes in his application that he has had no violations while in prison nor while on supervised release and that he was released from custody early by the Bureau of Prisons. Additionally, Hamda states that he obtained a CDL License and a job as a truck driver utilizing that license. While the Court commends Hamda's compliance with the rules while in prison and on supervised release and is pleased to learn of his employment, these are not sufficient changes in circumstances such that early termination of supervised release would be appropriate.

Hamda also does not persuade the Court that the terms of supervised release have substantially interfered with any aspects of his life such that he requires urgent relief. The closest Hamda comes is his counsel's statement in the Reply (but not the initial Motion), that "Mr. Hamda has been offered a new job working in the Union County area loading, delivering, and assisting in the pouring of concrete. This employer has expressed to both Mr. Hamda and me when I inquired, that this job is contingent upon him being terminated from supervision." (Reply at 2). While the Court is sympathetic to Hamda's circumstances, Hamda's counsel notes that he already has a job so there is no indication that this is his single opportunity for employment. This pending offer is not, by itself, enough to justify termination of his term of supervised release.

Hamda received an incredibly lenient sentence for the two drug trafficking counts to which he pled guilty, which involved the distribution of over five kilograms of cocaine. At the time of sentencing (and still today), this Court believed this was the absolute minimum sentence to satisfy

the considerations of 18 U.S.C. § 3553.  The fulfillment of Hamda's term of supervised release is necessary to reflect the seriousness of his offense and to deter future conduct both by Hamda and others who may have designs to similarly distribute controlled substances.  Hamda has presented no evidence that a meaningful change in circumstances warrants a modification. While the Court is not required to find such a change in circumstances, see Melvin, 978 F.3d at 53, in the absence of a dramatic change, the Court finds that a modification of Hamda's supervised release is not warranted nor in the interest of justice.

*       *       *

For these reasons,

**IT IS** on this 20th day of March, 2026

**ORDERED** that defendant's motion for early termination of supervised release is **DENIED**.

   s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

4